United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR THE NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ELADIO PEREZ dba E&F Demolition,<br><br>    Defendant.<br>_____ / | No. C 10-02002 JSW<br><br>**ORDER ADOPTING, AS MODIFIED, REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket Nos. 26, 37)** |

This matter comes before the Court upon consideration of the Report and Recommendation ("Report") prepared by Magistrate Judge Spero (Docket No. 37), in which he recommends that the Court grant in part and deny in part Plaintiffs' motion for default judgment (Docket No. 26). The deadline for filing objections to the Report has passed, and neither party has filed objections.

The Court has considered the Report, relevant legal authority, and the record in this case. The Court finds the Report thorough and well reasoned and, with one non-substantive modification, adopts it in every respect.[1] Accordingly, the Court grants in part and denies in part Plaintiffs' motion for default judgment, and Plaintiffs are hereby awarded:

---

[1] On page 17, Judge Spero includes a quote that refers to the fact that Defendant was obligated to make certain payments as liquidated damages and not as a penalty. (*See* Report at 17:1-3.) Although the quoted language does not appear in Exhibit H to the Hagan Declaration, there is similar language in Exhibit B to that declaration, and thus the misquote does not alter the Court's decision that the Report should be adopted.

1. The unpaid balance of employee fringe benefit contributions reported, but not paid for the period of July and August 2010 in the principal amount of $25,414.64;

2. Contributions not reported, and not paid, for the period of January through August and November 2008, in the amount of $513.70;

3. The unpaid balance of contributions noted reported, and not paid, based on an audit for the period December 2005 through December 2007, in the amount of $5,514.52;

4. The interest and liquidated damages for all delinquent principal contributions for a total of $13,929.75, under 29 § 1132(g)(2)(B) and (C); and

5. Attorneys' fees and costs in the amount of $6,661.01.

The Court also orders that Defendant Eladio Perez shall be subject to a mandatory injunction that requires him to submit to an audit of its financial records by the Board of Trustees for the period January 2008 to the present.

The Court shall retain jurisdiction over the parties and the subject matter for the purposes of enforcing the mandatory injunction and to entertain a motion for a further money judgment, should the audit disclose amounts that may be owed by Defendant to the Trust Funds. The Court reserves the right to refer any such motion for request for enforcement to Judge Spero for purposes of preparing a further report and recommendation.

The Court shall issue a separate judgment, and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 12, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE